UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARY WORDEN, | \* | CIV. 10-4118 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER ON |
| | \* | MOTION TO COMPEL |
| INTERBAKE FOODS, LLC, | \* | (DOC. 20) |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Mary Worden's motion to compel discovery.[1]

**BACKGROUND**

On August 25, 2010, Worden sued Interbake Foods, LLC., for age discrimination.[2] On November 9, 2010, a Scheduling Order was filed which provided "all discovery . . . will be commenced in time to be completed by August 15, 2011."[3] On July 21, 2011, Worden served written interrogatories and requests for production on Interbake.[4] On August 24, 2011, Interbake responded with objections that the discovery was not timely.[5]

---

[1] Doc. 20.

[2] Doc. 1.

[3] Doc. 11, ¶ 4.

[4] Doc. 20.

[5] Doc. 21, p. 2.

On September 1, 2011 Worden filed both this motion to compel and a motion to extend the discovery deadline.[6] On September 2, 2011, Interbake suggested "[i]f the Court is inclined to grant Plaintiff's motion to extend the discovery deadline, Defendant submits that the Court extend the discovery deadline to at least thirty (30) days after the date of any Order to give Defendant the required thirty day time period to respond to interrogatories and document requests as set forth in Fed. R. Civ. Proc. 33 and 34."[7] On September 7, 2011, Judge Schreier granted the motion to extend the discovery deadlines, establishing October 17 as the new deadline to complete discovery.[8]

## ANALYSIS

Because Judge Schreier's new Scheduling Order granted what Interbake requested, it is expected that Interbake has by now responded to Worden's discovery requests so that this motion to compel is moot. Nonetheless, Worden's motion to compel will be granted because "gotcha games" are not acceptable.

Counsel for Worden procrastinated for most of a year before serving, for the most part, routine discovery documents which counsel necessarily knew might not be answered before the August 15 deadline. Counsel for Interbake, however, easily could have extended the courtesy to Worden's counsel of interposing its objection for untimeliness before the August 15 discovery deadline passed, so that Worden's motion to extend the deadline could have been filed before the August 15, 2011, deadline. After receiving Worden's discovery documents, Interbake had twenty four days before August 15 to file objections about timeliness, but chose to wait the full 30 days plus

---

[6] Docs. 19 & 20.

[7] Doc. 21, p. 2.

[8] Doc. 22.

2

three extra days under Rule 6(d) to file its objections on August 24, 2011. Interbake's timeliness objections are the only objections which have been addressed by the parties even though Interbake interposed other objections as well. Interbake did not provide any information in response to Worden's discovery requests beyond its objections. Worden served 16 interrogatories and related requests for production which for the most part asked for routine information such as words spoken or written by any party concerning the facts, relevant documents, insurance, identity of persons with knowledge about the facts, identity of expert witnesses and their opinions and Worden's admissions against interest.

The court has wide discretion to manage discovery. Even though counsel for Worden procrastinated, counsel for Interbake used the Federal Rules of Civil Procedure to play gotcha instead of construing the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."[9]

It is ORDERED that plaintiff's motion to compel (Doc. 20) is GRANTED.

Dated October 18, 2011.[10]

BY THE COURT:

s/John E. Simko

John E. Simko
United States Magistrate Judge

---

[9] Federal Rules of Civil Procedure, Rule 1.

[10] It is coincidental, not intentional, that this Order is filed the day after the new discovery deadline, October 17. This motion was referred to this Judge on October 11.

3